IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: ) | |
| ) | |
| SPRINGFIELD MUNITIONS COMPANY, ) | |
| LLC, ) | Case No. 11-10398-TPA |
| ) | |
| Debtor. ) | Chapter 11 |
| ) | |
| ▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪ ) | |
| ) | |
| SPRINGFIELD MUNITIONS COMPANY, ) | Doc#____ |
| LLC, ) | |
| ) | |
| Movant, ) | |
| v. ) | |
| ) | |
| DAVID P. NOLAN, ) | |
| ) | |
| Respondent. ) | |

**EMERGENCY MOTION FOR ORDER AUTHORIZING
DEBTOR-IN-POSSESSION FINANCING PURSUANT TO
<u>11 U.S.C. § 364(c)(3)</u>**

Springfield Munitions Company, LLC, the Debtor and Debtor-In-Possession (the "Debtor"), by and through its proposed counsel, Blumling Gusky, LLP, files this Motion for Order Authorizing Debtor-In-Possession Financing Pursuant to 11 U.S.C. § 364(c)(3) and in support thereof, the Debtor respectfully represents as follows:

**<u>Certificate of Necessity</u>**

THE UNDERSIGNED HEREBY CERTIFIES that as a member of the Bar of this Court, I have carefully examined the matter under consideration and to the best of my knowledge, information and belief formed after reasonable inquiry, all allegations are well grounded in fact and all contentions are warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law can be made, that the matter under consideration is not interposed for any improper purpose, such as to harass, or to increase the cost of litigation, and

there is just cause to request a consideration of the matter on an emergency basis. I am aware of Federal Rule Civ. Pro. 11 and Bankruptcy Rule 9011 and of the consequences which may result from violations thereof.

THE UNDERSIGNED CERTIFIES FURTHER that this matter is an emergency because in order to conduct an orderly wind down and/or sale of assets the Debtor must obtain Debtor-In-Possession financing.

THE UNDERSIGNED CERTIFIES FURTHER that the necessity of this emergency hearing has not been caused by any lack of due diligence on my part, but has been brought about only by circumstances beyond my control or that of my client.

THE UNDERSIGNED CERTIFIES FURTHER that the amount of time needed to present information sufficient under applicable law to enable this Court to enter an order granting the requested relief is fifteen minutes.

## JURISDICTION AND VENUE

1) This Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§157 and 1334. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §1408 and 1409.

## PROCEDURAL BACKGROUND

2) On March 9, 2011 (the "Petition Date), the Debtor filed a Voluntary Petition for Relief under Chapter 11, Title 11 of the United States Code (the "Bankruptcy Code"). Upon the commencement of the within Chapter 11 case, the Debtor will continue to conduct its financial affairs as debtor-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

## THE REQUESTED FINANCING

3) The Debtor specializes in the marketing and fabrication of high performance lead-

free powdered metal based ammunition products for hunting, law enforcement, law enforcement training and competition shooting sports.

4) The Debtor is a limited liability company organized under Nevada law. The Debtor currently has filled three of five manager positions.

5) The Debtor currently requires cash for certain expenditures necessary to posture this case for a successful completion.

6) The Debtor has only one secured lender, David P. Nolan ("Mr. Nolan"). The obligation to Mr. Nolan is in the amount of $30,000 and secured by substantially all of the Debtor's assets. Mr. Nolan is one of the Debtor's three current managers.

7) Mr. Nolan is willing to make a credit facility available to the Debtor in the amount of up to $300,000 under the following terms and conditions:

> a. The credit facility will be secured by liens on all assets of the Debtor, junior to liens existing at the time of filing of the Debtor's Chapter 11 Petition with respect to the Debtor;
>
> b. Mr. Nolan will receive a loan commitment fee of ten (10%) percent of the available facility earned upon approval, but payable upon maturity;
>
> c. The rate of interest under the proposed financing will be eight (8%) percent per annum;
>
> d. The obligation to fund the credit facility will terminate upon:
>
>> i. the appointment of a Chapter 11 trustee; or
>>
>> ii. the conversion of the Debtor's case to Chapter 7; or
>>
>> iii. at the sole and absolute discretion of Mr. Nolan in the following events:
>>
>>> 1. the filing, other than by the Debtor, of a Motion to sell substantially all of the Debtor's assets; or
>>>
>>> 2. the filing, other than by the Debtor of a plan or reorganization and disclosure statement.

e. The obligations on the credit facility will mature nr the first to occur of:

    i. the entry of an Order confirming a plan of reorganization for the Debtor; or

    ii. the entry of an Order converting the Debtor's case to one under Chapter 7; or

    iii. the entry of an Order approving the sale of substantially all of the Debtor's assets; or

    iv. on June 1, 2011.

8) Pursuant to 11 U.S.C. § 364(c)(3), the Court, after notice and a hearing, may authorize the obtaining of credit or the incurring of debt secured by a junior lien on property of the estate that is subject to a lien if the debtor is unable to obtain such credit otherwise. 11 U.S.C. § 364(c)(3).

9) The Debtor has been unable to obtain the credit requested in the within Motion from a source other than Mr. Nolan.

10) It is in the best interest of the Debtor, its creditors and its estate if the Debtor is permitted to obtain the credit facility from Mr. Nolan on the terms and conditions set forth in the Note and Security Agreement.

[Remainder of Page Intentionally Left Blank]

**WHEREFORE,** the Debtor respectfully requests that this Honorable Court enter an Order authorizing the DIP financing pursuant to the terms of this Motion and granting such other and further relief as the court deems appropriate.

Respectfully submitted,

BLUMLING & GUSKY, LLP

By:  **/s/ *Michael Kaminski*_____**
Michael Kaminski, Esquire
Pa. I.D. No. 53493
Haig M. Sakoian, Esquire
Pa. I.D. No. 206032
436 Seventh Avenue
1200 Koppers Building
Pittsburgh, PA  15219
(412) 227-2500

**PROPOSED COUNSEL FOR DEBTOR**